IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALLACE D. COWARD,<br><br>    Plaintiff,<br><br>  v.<br><br>Q. THOMAS, *et al.*,<br><br>    Defendants. | CIVIL ACTION NO. 23-2429 |

MEMORANDUM

Rufe, J.                                     November 2, 2023

  Plaintiff Wallace D. Coward, a prisoner currently incarcerated at SCI-Smithfield, filed an Amended Complaint raising claims pursuant to 42 U.S.C. § 1983 based on the conditions of his confinement when he was a pretrial detainee at the Philadelphia Industrial Correctional Center ("PICC"). For the reasons below, the Court will dismiss Coward's Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.  FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

  Coward's initial Complaint named the following Defendants: (1) the Philadelphia Department of Prisons; (2) Q. Thomas, identified as a Sergeant/Supervisor; (3) McPherson, identified as a Correctional Officer; (4) Dr. Sambria; and (5) Dr. Flower, identified as a psychiatrist.[1] Coward asserted constitutional claims for failure to protect and deliberate indifference to medical needs, and a due process violation related to his placement in the RHU in connection with disciplinary charges filed against him.[2]

---

[1] Compl. 1–3 [Doc. No. 2]. The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] *See Coward v. Phila. Dep't of Prisons*, No. 23-2429, 2023 WL 5672835, at *3 (E.D. Pa. Sept. 1, 2023).

In a September 1, 2023 Memorandum and Order, the Court granted Coward leave to proceed *in forma pauperis* and dismissed his Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

The Court concluded that: (1) Coward could not state claims against the Philadelphia Department of Prisons because it is not an entity subject to suit under § 1983, as City departments do not have a separate legal existence from the City of Philadelphia; (2) he failed to state a failure-to-protect claim because he did not allege "anything that previously happened on the unit involving either [Coward] or the inmate who attacked him" or "provide any specific facts from which one could infer that [he] was subject to a specific threat from [that] inmate"; (3) he failed to state a due process claim based on the filing of disciplinary charges against him or his placement in the RHU because it appeared that he was given a hearing to defend against the charges, and it was not clear how the relevant Defendant was responsible for filing the charges; and (4) he failed to state a claim for deliberate indifference because his allegations that he was not informed of the side effects of a prescribed medication "at most suggest[ed] negligence," and he did not plead facts sufficient to suggest that the swelling in his legs and pain in his bones went unaddressed or were otherwise handled with deliberate indifference.[4]

The Court granted Coward leave to file an amended complaint if he could cure the defects in the claims the Court dismissed without prejudice. Coward returned with the pending Amended Complaint, which asserts claims against Sgt. Thomas, Correctional Officer McPherson, and Dr. Flower (also spelled "Fowler" in the Amended Complaint).[5] Coward alleges

---

[3] *See Coward*, 2023 WL 5672835, at *1, *7.

[4] *Id.* at *4–7.

[5] Am. Compl. 1–3 [Doc. No. 9]. In drafting his Complaint, Coward checked boxes indicating that he seeks to name the Defendants in their official capacity as well as their individual capacity. As the Court previously explained, *Coward*, 2023 WL 5672835 at *1 n.3, claims against municipal employees named in their official capacity are indistinguishable from claims against the governmental entity that employs the Defendant. *See Kentucky v. Graham*,

2

that one day, on his way to get his medication, he informed Sgt. Thomas that another inmate "had thrown an apple and busted the TV screen, making it inoperable."[6] The incident occurred when both tiers of inmates on the unit had been let out for morning recreation, even though, according to Coward, only one tier should have been let out because only one officer was on duty.[7] Thomas allegedly responded, "I have nothing to say to you" and went to her office.[8]

Coward took his medication and returned to the unit to call his wife.[9] While on the phone, Coward alleges the inmate who broke the television threw a carton of milk at the wall near the phone, causing Coward to be "covered with the milk."[10] Coward asked the inmate why he did that, and the inmate allegedly "ran over to where [Coward] was and started throwing punches."[11] Coward alleges he was struck in his left jaw, which caused him to hit his head on a steel stool, "resulting in a gash."[12] He states he was taken to the hospital and required two staples

---

473 U.S. 159, 165–66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent[.]'") (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)).

The Amended Complaint, like the initial Complaint, does not properly allege an official-capacity claim because Coward does not attribute any of the alleged constitutional violations to a municipal policy or custom. *See Monell*, 436 U.S. at 694 (holding that, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation); *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity, we first look to the complaints and the course of proceedings.") (quotation marks and citation omitted). Accordingly, the Court will dismiss any official-capacity claims and will adjudicate only those claims made against the Defendants in their individual capacities.

[6] Am. Compl. 12 [Doc. No. 9].

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.* at 13.

[11] *Id.*

[12] *Id.*

in the back of his head to treat his injury.[13] According to Coward, if Thomas had listened to his complaint and contained the other inmate, this altercation "would never [have] occurred."[14]

Coward's claims against Defendant McPherson appear to be based on a different incident.[15] On that occasion, Coward alleges he went to the medical unit at some point after he was injured and was given two ice packs and Tylenol, at which time McPherson "was standing no more than three feet behind [Coward] looking in the direction where [Coward] was on the phone."[16] As for Dr. Flower, Coward alleges that the doctor "refused to stop the medication [he] was taking that [he] told the doctor [he] was allergic to," which caused his legs to swell.[17] Coward states he was given a "water pill to remove the swelling."[18]

Based on the above allegations, Coward brings constitutional claims for "failure to protect" and "failure to provide medical care."[19] Coward contends that Sgt. Thomas and McPherson failed to protect him, and that Dr. Flower failed to "stop medication [Coward] was allergic to."[20] Coward seeks damages and asks that Thomas be terminated.[21]

---

[13] *Id.*

[14] *Id.* Coward further alleges that Sgt. Thomas directed the officer on duty to charge Coward and the other inmate with misconduct for fighting, which resulted in him being housed in the RHU after he returned from the hospital. *Id.* Coward contends that Sgt. Thomas did not bring the misconduct paperwork to the RHU for Coward's signature, and he never received a copy. *Id.* The Court does not understand Coward to be pursuing a claim at this time based on these allegations. In any event, any such claim would fail for the same reasons Coward's prior due process claim failed: The record indicates that Coward was afforded an opportunity to be heard and to defend against the charge, and that he was found not guilty. *Coward*, 2023 WL 5672835, at *5.

[15] Am. Compl. 14 [Doc. No. 9] (alleging that McPherson was involved in an incident "on another date").

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.* at 3.

[20] *Id.* at 4.

[21] *Id.* at 5.

## II.   STANDARD OF REVIEW

Coward has already been granted leave to proceed *in forma pauperis*.[22] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),[23] which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[24] "At this early stage of the litigation, [the Court] accept[s] the facts alleged in [Plaintiff's] *pro se* complaint as true, draw[s] all reasonable inferences in [his] favor, and ask[s] only whether that complaint, liberally construed, contains facts sufficient to state a plausible . . . claim."[25] Conclusory allegations do not suffice.[26] As Coward is proceeding *pro se*, the Court construes his allegations liberally.[27]

## III.   DISCUSSION

Coward brings his Amended Complaint pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting

---

[22] Ord., Sept. 1, 2023 [Doc. No. 7].

[23] *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).

[25] *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quotation marks and original modifications omitted).

[26] *Iqbal*, 556 U.S. at 678.

[27] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

under color of state law."[28] In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, therefore a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.[29]

### A.     Failure-to-Protect Claims Against Defendants Thomas and McPherson

Coward asserts failure-to-protect claims against Defendants Thomas and McPherson. Because Coward was a pretrial detainee when the underlying incident occurred, his claim is governed by the Due Process Clause of the Fourteenth Amendment.[30] The rights afforded pretrial detainees under the Due Process Clause are at least as great as those afforded by the Eighth Amendment.[31] Therefore, courts analyzing cases filed by pretrial detainees apply the same standard of deliberate indifference applied in Eighth Amendment cases.[32]

Prison officials have a duty "'to protect prisoners from violence at the hands of other prisoners.'"[33] However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety."[34] To state a plausible failure-to-protect claim, Coward must allege that: (1) the conditions in which he was incarcerated posed a substantial risk of serious harm; (2) prison officials acted with deliberate indifference to that substantial risk of serious harm; and (3) the officials' deliberate

---

[28] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[29] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("'Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.'") (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original).

[30] *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005) (holding that the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees).

[31] *See Simmons v. City of Philadelphia*, 947 F.2d 1042, 1067 (3d Cir. 1991).

[32] *Id.*

[33] *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)).

[34] *Farmer*, 511 U.S. at 834.

indifference caused harm.[35] Deliberate indifference is a subjective standard.[36] Coward must allege that the prison officials "knew or were aware of and disregarded an excessive risk to [his] health or safety."[37] "[I]t is not sufficient that the official should have been aware" of the excessive risk.[38]

As with his initial Complaint, Coward alleges that if Thomas had listened to his complaint about the inmate who broke the television screen and put that inmate in his cell, she could have prevented the altercation that led to Coward's injuries. As before, these allegations are insufficient to state a failure-to-protect claim. Nothing in the Amended Complaint supports an inference that the inmate-in-question posed a substantial risk of serious harm to Coward—such as by making a specific threat—prior to the altercation.[39] Moreover, there is an insufficient factual basis from which one could conclude that Sgt. Thomas knew or was aware that Coward would be attacked, or that she had an opportunity to intervene before Coward was injured by the inmate who attacked him. Accordingly, the Amended Complaint does not state a plausible failure-to-protect claim against Sgt. Thomas.[40]

Coward has also failed to state a failure-to-protect claim against McPherson. The factual basis for Coward's claim against McPherson is unclear. Coward alleges that the incident with McPherson took place on a different date from the incident with Thomas and that, on the

---

[35] *See Farmer*, 511 U.S. at 834; *Hamilton*, 117 F.3d at 746; *see also Burton v. Kindle*, 401 F. App'x 635, 638 (3d Cir. 2010) (applying deliberate indifference standard to failure-to-protect claim asserted by pretrial detainee).

[36] *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).

[37] *Id*. at 135.

[38] *Id*. at 125.

[39] *See Bistrian v. Levi*, 696 F.3d 352, 371 (3d Cir. 2012) (concluding that "the risk that an inmate with a history of violence might attack another inmate for an unknown reason" was a "speculative risk" insufficient to support a failure-to-protect claim), *abrogated on other grounds as recognized in Mack v. Yost*, 968 F.3d 311, 319 n.7 (3d Cir. 2020).

[40] *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

occasion in question, McPherson stood "no more [than] three feet behind [Coward] looking in the direction where [Coward] was on the phone."[41] Nothing about this allegation supports an inference that McPherson failed to protect Coward or that McPherson otherwise violated Coward's constitutional rights. The claims against McPherson will also be dismissed.

### B. Deliberate Indifference Claim Against Dr. Flower

Coward alleges that Dr. Flower refused to halt the administration of certain medication despite being told that Coward was allergic to that medication.[42] To state a Fourteenth Amendment claim based on a failure to provide medical care, a pretrial detainee must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[43] A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[44] Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment."[45]

"A medical need is serious . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the

---

[41] Am. Compl. 14 [Doc. No. 9].

[42] *Id.*

[43] *See Farmer*, 511 U.S. at 835; *Moore v. Luffey*, 767 F. App'x 335, 340 n.2 (3d Cir. 2019) (holding that the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis).

[44] *Farmer*, 511 U.S. at 837.

[45] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

necessity for a doctor's attention."[46] Allegations of medical malpractice or mere disagreement as to the proper medical treatment are insufficient to establish a constitutional violation.[47] "Where a prisoner has received some amount of medical treatment, it is difficult to establish deliberate indifference, because prison officials are afforded considerable latitude in the diagnosis and treatment of prisoners."[48]

At least in theory, Coward might be able to pursue a § 1983 deliberate indifference claim against Dr. Flower,[49] but the facts he currently presents are insufficient to support his claim. He does not identify the medications he claims caused the allergic reaction; he does not explain the nature of his allergies; he does not provide the dates—even if approximate—on which he spoke to Dr. Flower about his concerns; and he does not allege the content or context of his conversations with Dr. Flower. Without this necessary information, the Amended Complaint "pleads facts that are merely consistent with a defendant's liability," but "stops short of the line between possibility and plausibility of entitlement to relief."[50] Coward must submit additional facts giving rise to a plausible inference of a constitutional violation in order to adequately plead his deliberate indifference claim.

---

[46] *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted).

[47] *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

[48] *Hayes v. Gilmore*, 802 F. App'x 84, 88 (3d Cir. 2020) (per curiam).

[49] *See Mutschler v. Malena*, No. 09-265, 2012 WL 4057241, at *10 (W.D. Pa. Sept. 14, 2012), *aff'd sub nom. Mutschler v. SCI Albion CHCA Health Care*, 516 F. App'x 104 (3d Cir. 2013) (per curiam) ("[D]eliberate indifference has been found where a physician injected a prisoner with a medication that he knew the prisoner was allergic to, and refused to treat the allergic reaction.") (citing *Estelle v. Gamble*, 429 U.S. 97, 104 n.10 (1976)).

[50] *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (quotation marks omitted); *see also Moore v. Durand*, No. 22-2915, 2023 WL 4884855, at *1 (3d Cir. Aug. 1, 2023) ("To avoid dismissal, a complaint, accepted as true, must 'state a claim that is plausible on its face' by including facts which 'permit the court to infer more than the mere possibility of misconduct.'") (quoting *Iqbal*, 556 U.S. at 678–79).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Coward's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court will dismiss Coward's failure-to-protect claims against Sgt. Thomas and Correctional Officer McPherson with prejudice because further attempts to amend those claims would be futile, as the Amended Complaint does not suggest any basis for liability against these Defendants.[51] However, the Court concludes that Coward may be able to allege sufficient facts to support a claim of deliberate indifference against Dr. Flower based on Dr. Flower's alleged deliberate refusal to stop medication to which Coward was allergic. Therefore, Coward will be granted leave to file a second amended complaint as to that claim only. An order follows that provides further instruction as to amendment.

---

[51] *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (holding that amendment by *pro se* litigant would have been futile when litigant "already had two chances to tell his story").